IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CST ENVIRONMENTAL, INC. | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:06cv223-HSO-JMR |
| | § | |
| S&P ENTERPRISES, LLC | § | |
| SHRI GIRIRAJ, LLC; and | § | |
| INCO-INC. | § | DEFENDANTS |

**ORDER AND REASONS DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION TO STRIKE DESIGNATION OF EXPERTS**

BEFORE THE COURT is a Motion to Strike Designation of Experts [64] pursuant to FED. R. CIV. P. Rule 26(a)(2)(B) and Uniform District Court Rule 26.1(A)(2)(b), filed by Plaintiff CST Environmental, Inc. ("CST"), in the above captioned cause on June 15, 2007. Defendant S&P Enterprisses, LLC ("S&P") filed a Response [66] on or about June 28, 2007, and CST filed a Rebuttal [70] on or about July 3, 2007.

CST's Motion seeks the exclusion of two expert witnesses designated by S&P. S&P filed its Designation of Experts [25] on or about November 13, 2006, naming R.F. "Butch" Williamson ("Williamson") and John C. Havard, CPA ("Havard"), as experts whose testimony may be used at the trial of this case. The Designation apparently did not include any written report prepared or signed by the experts, nor did it contain a number of other items required by the Rule.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires the expert disclosure to include a written report prepared and signed by the expert, with the report containing

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).

Pursuant to Uniform Local Rule 26.1(A)(2)(b), "[a]n attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court."

After reviewing the Designation of these experts, it appears that neither expert's disclosure comports with the requirements of Rule 26, in several important respects. However, the Court will permit S&P until no later than December 10, 2007, in which to properly supplement its Designation of these two experts in accordance with Rule 26. The Court will permit CST the right to re-urge a Motion to Strike after December 10, 2007. Failure of S&P to comply with this Order within the time prescribed may result in exclusion of the experts. Given the record and the length of time which has elapsed since the original deadline for designation of experts, the Court will not be inclined to allow any further extensions of this deadline.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, the Motion [64] of Plaintiff CST Environmental, Inc., to

Strike Designation of Experts is hereby DENIED, without prejudice to CST's right to re-urge its Motion after December 10, 2007.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, Defendant S&P Enterprisses, Inc., has until no later than December 10, 2007, to properly and completely supplement its Designation of Experts [25] and to comply with FED. R. CIV. P. 26 (a)(2)(B).

**SO ORDERED AND ADJUDGED**, this the 21st day of November, 2007.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE